1  CAFFARELLI & ASSOCIATES LTD.
2  Lorrie T. Peeters (CA Bar No. 276367)
3  10265 Beardon Dr.
4  Cupertino, CA 95014
5  Phone: (408) 216-0599
6  Fax:     (312) 577-0720
7  Email: lpeeters@caffarelli.com
8
9  *Local Counsel for Plaintiff*
10
11  Don Foty (TX Bar No. 24050022)
12  KENNEDY HODGES, LLP
13  4409 Montrose Blvd, Suite 200
14  Houston, Texas 77006
15  Phone: (713) 523-0001
16  Fax:     (713) 523-1116
17  Email: dfoty@kennedyhodges.com
18  (Pending *pro hac vice* admission)
19
20  And
21
22  Kelly E. Cook (TX Bar No. 24062675)
23  WYLY & COOK, PLLC
24  4101 Washington Avenue
25  Houston, Texas 77007
26  Phone: (713) 489-9734
27  Fax:     (713) 588-8733
28  Email: kcook@wylycooklaw.com
29  (Pending *pro hac vice* admission)
30
31  *Counsel for Plaintiff*

32                    **UNITED STATES DISTRICT COURT**
33                  **NORTHERN DISTRICT OF CALIFORNIA**
34

| | |
|---|---|
| 35  **MIKE NGUYEN, on Behalf of Himself** | §   **Case No.: 5:17-cv-03604** |
| 36  **and on Behalf of All Others Similarly** | § |
| 37  **Situated** | §   **CLASS AND COLLECTIVE ACTION** |
| 38 | § |
| 39          **Plaintiff,** | §   **COMPLAINT FOR DAMAGES,** |
| 40 | §   **RESTITUTION, AND INJUNCTIVE** |
| 41  **V.** | §   **RELIEF** |
| 42 | § |
| 43  **EOS IT MANAGEMENT SOLUTIONS,** | §   1.  **Failure to Pay Overtime (Violation** |
| 44  **INC., and EOS UNIFIED SOLUTIONS,** | §      **of Fair Labor Standards Act, 29** |
| 45  **INC.,** | §      **U.S.C. § 207)** |
| 46          **Defendants.** | § |

**2. Failure to Pay Overtime (Violation
of California Labor Code §§ 510,
558, 1194; and IWC Wage Order
4-2001)**

**3. Failure to Provide Off-Duty Meal
and Rest Periods (Cal. Labor
Code §§ 218.5, 226.7, 512; IWC
Wage Order 4-2001)**

**4. Failure to Provide Itemized Wage
Statements (Cal. Labor Code §
226)**

**5. Failure to Provide Wages Upon
Separation of Employment (Cal.
Labor Code §§ 201-203)**

**6. Unfair Competition (Violation of
Cal. Business and Professions
Code, § 17200, *et seq.*)**

**DEMAND FOR JURY TRIAL**

<u>**COMPLAINT AT LAW**</u>
**CLASS AND COLLECTIVE ACTION**

## I.     INTRODUCTION

1.     This is a collective and class action brought by Individual and Representative
Plaintiff Mike Nguyen on behalf of himself and on behalf of the proposed national Fair Labor
Standards Act ("FLSA") Collective Action Class and California Class identified below (and
whose members are collectively referred to herein as the "Class Members").  Plaintiff and the
Class Members were and/or are employed by Defendants EOS IT Management Solutions, Inc.
and EOS Unified Solutions, Inc. ("Defendants"), as Field Engineers and all other positions
performing substantially similar duties (hereinafter "Field Engineers").

2.      As Field Engineers, Plaintiff and the Class Members are and/or were non-exempt employees under federal and state wage and hour laws, and should have received overtime pay consistent with the requirements of those laws.  However, Defendant misclassifies its Field Engineers as exempt from overtime.  These employees perform substantially the same job duties and responsibilities, and are compensated pursuant to the same company policies of Defendants. They are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.      Plaintiff sues on behalf of himself and the FLSA Class Members who worked for Defendants, and who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).  This action claims that Defendants have violated the wage-and-hour provisions of the FLSA by depriving Plaintiff and the FLSA Class Members of their lawful overtime wages.

4.      The national FLSA Class, represented by Plaintiff Nguyen, is comprised of all individuals who have been employed by Defendants as a Field Engineer and classified as exempt from overtime for at least one week during the three year period prior to the filing of this lawsuit to the present (the "Collective Class Period").

5.      Plaintiff and all FLSA Class Members who elect to participate in this action seek unpaid overtime compensation, an equal amount in liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6.      Plaintiff also brings this action under the California overtime statutes and regulations, and California's unfair competition laws.  Defendants did not provide its Field Engineers in California with off-duty meal periods and rest breaks, provide the wages they are owed upon termination of employment, and failed to provide them with proper wage statements,

**PLAINTIFF'S ORIGINAL COMPLAINT**
*[Nguyen v. EOS IT Solutions, Inc.]*

1    as required by the California Labor Code and California Industrial Wage Commission Wage

2    Order(s).

3        7.    The California Class, represented by Plaintiff Nguyen, is comprised of all

4    individuals who have been employed by Defendants as Field Engineers in California and

5    classified as exempt from overtime for at least one week during the four year period prior to the

6    filing of this lawsuit to the present (the "California Class Period").  Plaintiff intends to seek class

7    certification under Rule 23 of the Federal Rules of Civil Procedure for the California Class.

8        8.    Plaintiff and the California Class Members seek unpaid wages and restitution for

9    their work beyond 8 hours in a day or 40 in a week pursuant to California law, restitution for

10   unpaid meal periods and rest breaks, liquidated damages, statutory damages, costs, interest, and

11   penalties.

12                    **II.    JURISDICTION AND VENUE**

13       9.    This Court has jurisdiction over the subject matter of this action pursuant to 28

14   U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*.

15   The Court has supplemental jurisdiction over the state law wage and hour claims under 28

16   U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

17       10.    Venue is proper in the Northern District of California because a substantial

18   portion of the events forming the basis of this suit occurred in the Northern District of California.

19       11.    A substantial part of the events or omission which give rise to the claims occurred

20   in Santa Clara County, and therefore this action is properly assigned to the San Jose Division,

21   pursuant to Local Rule 3-2(c), (d).

22       12.    Defendant is subject to personal jurisdiction in this District because it conducts

23   substantial and continuous commercial activities in California. It contracts with residents of

**PLAINTIFF'S ORIGINAL COMPLAINT**

[*Nguyen v. EOS IT Solutions, Inc.*]

1  California for the services provided by its workforce.  It maintains offices in California.  It also

2  employs California citizens, including Plaintiff.

3      13.  This Court is empowered to issue a declaratory judgment and further relief

4  pursuant to 28 U.S.C. §§ 2201 and 2202.

5  ### III.  PARTIES AND PERSONAL JURISDICTION

6      14.  Plaintiff Mike Nguyen is an individual residing in Santa Clara County, California.

7  Plaintiff's written consent to this action is attached hereto as Exhibit "A."

8      15.  The FLSA Class Members are all current and former Field Engineers and all

9  employees performing substantially similar duties for Defendants who were classified as exempt

10  from overtime for at least one week during the three-year period before the filing of this

11  Complaint to the present.

12      16.  The California Class Members are all current and former Field Engineers and all

13  employees performing substantially similar duties for Defendants in California who were

14  classified as exempt from overtime for at least one week during the four-year period before the

15  filing of this Complaint to the present.

16      17.  Defendant EOS IT Management Solutions, Inc. is a Delaware corporation with its

17  headquarters in Santa Clara, California.  Defendant may be served process through its registered

18  agent Business Filings Incorporated at 818 W 7th St, Los Angeles CA 90017.

19      18.  Defendant EOS Unified Solutions, Inc. is a Delaware corporation with its

20  headquarters in Santa Clara, California. Defendant may be served process through its registered

21  agent Incorporating Services, Ltd. at 7801 Folsom Blvd. Ste 202, Sacramento, CA 95826.

**PLAINTIFF'S ORIGINAL COMPLAINT**
*[Nguyen v. EOS IT Solutions, Inc.]*

19.     At all material times, Defendants were and are legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the Class Members.

20.     At all material times, Defendants have been governed by and subject to the FLSA, 29 U.S.C. § 207.

21.     At all material times, Defendants have been an employer within the meaning of section 3(d) of the FLSA.  29 U.S.C. § 203(d).

22.     At all material times, Defendants have been an enterprise within the meaning of section 3(r) of the FLSA.  29 U.S.C. § 203(r).

23.     At all material times, Defendants have been an enterprise or an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

24.     At all material times, the unlawful conduct against Plaintiff and the Class Members as described in this Complaint was actuated, in whole or in part, by a purpose to serve Defendants.  At all relevant times, upon information and belief, the unlawful conduct described in this Complaint was reasonably foreseeable by Defendants and committed under actual or apparent authority granted by Defendants such that all aforementioned unlawful conduction is legally attributable to Defendants.

25.     At all material times, Defendants have had an annual gross business volume of not less than $500,000.

**PLAINTIFF'S ORIGINAL COMPLAINT**
*[Nguyen v. EOS IT Solutions, Inc.]*

1

#### IV.    FACTS

2      26.    Defendants operate an information technology services company with locations

3  throughout the United States.   Defendants provide IT troubleshoot services and audiovisual

4  equipment support to companies.

5      27.    To provide their services to their customers, Defendants employ Field Engineers.

6  Field Engineers install, maintain, and troubleshoot IT equipment and audiovisual equipment (i.e.,

7  hardware) for the customers of Defendants.

8      28.    Plaintiff was employed as a Field Engineer.  He installed and serviced a variety of

9  teleconferencing equipment manufactured by Cisco Systems. He also installed routers, tables,

10  and 70-inch screens for videoconferencing.

11      29.    Plaintiff worked for Defendants from approximately May of 2015 to June of

12  2016.

13      30.    During his employment, Plaintiff frequently worked more than 40 hours per

14  week. In fact, he commonly worked up to 60 hours per week.  One such week was the week of

15  August 10, 2015 when he worked more than 40 hours.  During this week, he traveled within

16  Santa Clara County to install an audiovisual system for a customer of Defendants.

17      31.    Plaintiff and the Class Members worked long hours for Defendants. On major

18  installations, Plaintiff often arrived at a customer's location to unload equipment as early as 8 am

19  and often did not leave until after 7 pm.

20      32.    Plaintiff and the Class Members were also required to monitor their cell phones in

21  the evenings and early mornings to receive and prepare for their work assignments.  Once they

22  received their schedule from Defendants, they were responsible for completing the assigned job

23  within the required timeframe.

33.     Despite working more than more than 8 hours per day and more than 40 hours a week, Defendants failed to pay Plaintiff for any of his overtime hours.

34.     Instead, Plaintiff was paid a salary only.

35.     The Class Members also regularly worked more than 8 hours per day and more than 40 hours a week.

36.     Defendants paid the Class Members a salary without overtime pay.

37.     Defendants classified Plaintiff and the Class Members as exempt from overtime.

38.     Defendants also did not provide Plaintiff with a meal or rest break.  Instead, Plaintiff was assigned tasks by Defendants and given a certain amount of time to complete those tasks.  Defendants did not provide any time for Plaintiff to take a meal or rest break.

39.     Likewise, Defendants did not provide other Field Engineers in California with a meal or rest break.  They too were assigned tasks by Defendants and were given a set amount of time to complete those tasks.  Defendants did not provide any time for them to take a meal or rest break.

40.     Plaintiff and the Class Members were not exempt from overtime.  The primary duty of the Plaintiff and Class Members was to perform manual labor, and hardware installation and service tasks.  This work is repetitive in nature and does not involve the exercise of independent judgment or discretion with respect to matters of significance. The Plaintiff and Class Members were required to follow a detailed checklist and installation instructions for the specific equipment purchased by the customer.

41.     To perform this installation work, the Plaintiff and Class Members performed tasks such as measuring the size of rooms where equipment was to be installed, carrying cables,

1   and drilling holes in the wall. The duties also included carrying heaving computer and television

2   equipment.  Their duties also included sweeping floors, cleaning rooms, and picking up trash.

3       42.    The Plaintiff and Class Members used their personal vehicles and personal cell

4   phones as part of their daily duties for Defendants.

5       43.    The Plaintiff and the Class Members performed non-exempt duties for

6   Defendants.

7       44.    The Plaintiff and Class Members are not exempt from overtime.

8       45.    The Plaintiff's and Class Members' primary duty did not involve making sales.

9   The Plaintiff and Class Members were not responsible for generating new business for

10   Defendants.  Instead, they conducted installations of IT and audiovisual equipment.

11       46.    The Plaintiff and Class Members were not supervisors or managers.  They had no

12   ability to hire or fire other employees and did not supervise other employees.

13       47.    The Plaintiff and Class Members were not "learned professionals."  Their work

14   did not require advanced knowledge acquired through a long course of specialized intellectual

15   instruction.

16       48.    The Plaintiff and Class Members had no input into Defendants' business strategy

17   or business decisions.  They also did not make any financial or marketing decisions.  They also

18   had no role in formulating Defendants' guidelines, policies, or procedures.

19       49.    Defendants' conduct, as set forth herein, was willful and in bad faith, and has

20   caused significant damages to Plaintiff and the Class Members.  Defendants knew of the

21   requirements to pay overtime and intentionally and/or recklessly chose to disregard it.

22   Defendant is a large company that pays overtime to some of its employees.  However, it refused

23   to pay the Plaintiff and Class Members overtime pay.

**PLAINTIFF'S ORIGINAL COMPLAINT**
[*Nguyen v. EOS IT Solutions, Inc.*]

## V.    COLLECTIVE ACTION ALLEGATIONS

50.    Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) per workweek.  Plaintiff worked with and communicated with other Field Engineers, and as such, has personal knowledge of their existence, status as Defendants' employees, duties, pay structure, and the overtime violations.

51.    Other employees similarly situated to Plaintiff worked for Defendants in a similar capacity and were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

52.    Defendants have employed numerous Field Engineers throughout the US during the last three years, who were paid a salary without overtime.

53.    As such, the "FLSA Class" is properly defined as follows:

> **All current and former Field Engineers employed by Defendants and classified as exempt for at least one week during the three years prior to filing this Complaint through the present.**

54.    Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them any compensation for their hours worked over forty (40).

55.    Plaintiff is representative of the FLSA Class Members in that they performed similar job duties as Plaintiff and were similarly denied overtime compensation on the basis of uniform company policies and practices.  Plaintiff is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

56.    FLSA Class Members have performed the same or similar work as Plaintiff.

57.    FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

**PLAINTIFF'S ORIGINAL COMPLAINT**
*[Nguyen v. EOS IT Solutions, Inc.]*

58.     FLSA Class members were not paid for any time worked in excess of 40 hours per week.

59.     The policy of illegally classifying these Field Engineers as exempt in violation of the FLSA is universal across the defined FLSA Class and forms the basis of the overtime violation.

60.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

61.     As such, FLSA Class Members are similar to Plaintiff in terms of pay structure and/or the denial of overtime.

62.     Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

63.     The experiences of Plaintiff, with respect to him pay, are typical of the experiences of the FLSA Class Members.

64.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

65.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty (40) during a workweek.

66.     Although the exact amount of damages may vary among FLSA Class Members, the damages for can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.   Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

**PLAINTIFF'S ORIGINAL COMPLAINT**
[*Nguyen v. EOS IT Solutions, Inc.*]

67.     The similarly situated FLSA Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.  They should be notified and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or prejudgment interest, and attorneys' fees and costs.

68.     Unless the Court promptly issues such notice, the numerous similarly situated current and former Field Engineers nationwide who have been misclassified in violation of the FLSA will be unable to secure unpaid overtime pay, which has been unlawfully withheld by Defendants.

## VI.     CALIFORNIA CLASS ALLEGATIONS

69.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "California Class," which is comprised of:

> **All current and former Field Engineers employed by Defendants in California and classified as exempt for at least one week during the four years prior to the filing of this Complaint through the present.**

70.     Numerosity.  The number of members in the California Class is believed to exceed forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the California Class will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and Defendants.

71.     Typicality.  Plaintiff's claims are typical of the California Class because like the members of the California Class, Plaintiff was subject to Defendants' uniform policies and

practices and was compensated in the same manner as others in the California Class. Defendants failed to pay the California Class Members overtime compensation. All members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as non-exempt employees but were uniformly classified as exempt and denied overtime. Plaintiff and the California Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with California law. As such, Plaintiff's claims are typical of the claims of the California Class. Plaintiff and all members of the California Class sustained damages arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

72. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the California Class she seeks to represent.

73. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

    a. Whether Plaintiff and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

    b. Whether Defendants failed to pay Plaintiff and the California Class overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a workweek;

    c. Whether Defendants failed to provide or authorize meal periods and rest periods for Plaintiff and the California Class;

    d. Whether Defendants failed to keep accurate records of employees' hours of work and hourly wages, and failed to timely furnish each Field Engineer with a

statement accurately showing the total number of hours worked and wages earned each pay period; and

e. Whether Defendants have failed to timely pay employees unpaid wages and overtime due upon their separation from employment with the Company.

74. The common issues of law include, but are not limited to:

a. Whether Plaintiff and the California Class exercised independent judgment and discretion over matters of significance;

b. Whether Plaintiff and the California Class performed work that was "directly related to the management or general business operations" of Defendants;

c. Whether Defendants can claim any exemption for Plaintiff and the California Class;

d. Whether Plaintiff and the members of the California Class, who are no longer employed by Defendants, are entitled to waiting time penalties for Defendants' failure to pay all their wages upon termination of their employment;

e. Whether Defendants' policies and practices provide and authorize meal and rest periods in compliance with California law;

f. Whether Plaintiff and the California Class are entitled to compensatory damages;

g. The proper measure of damages sustained by Plaintiff and the California Class; and

h. Whether Defendants' actions were "willful."

75. Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of

**PLAINTIFF'S ORIGINAL COMPLAINT**

[*Nguyen v. EOS IT Solutions, Inc.*]

1    inconsistent or varying judicial results and establish incompatible standards of conduct for

2    Defendants.

3    76.    A class action, by contrast, presents far fewer management difficulties and affords

4    the benefits of uniform adjudication of the claims, financial economy for the parties, and

5    comprehensive supervision by a single court.  By concentrating this litigation in one forum,

6    judicial economy and parity among the claims of individual California Class Members are

7    promoted.  Additionally, class treatment in this matter will provide for judicial consistency.

8    Notice of the pendency and any resolution of this action can be provided to the California Class

9    by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication.

10   The identity of members of the California Class is readily identifiable from Defendants' records.

11   77.    This type of case is well-suited for class action treatment because: (1) Defendants'

12   practices, policies, and/or procedures were uniform; (2) the burden is on Defendants to prove it

13   properly compensated its employees including any potential exemptions that might apply; and

14   (3) the burden is on Defendants to accurately record hours worked by employees and meal

15   periods taken.  Ultimately, a class action is a superior form to resolve the California claims

16   detailed herein because of the common nucleus of operative facts centered on the continued

17   failure of Defendants to pay Plaintiff and the California Class per applicable California laws.

18   **VII.   CAUSES OF ACTION**

20   **FIRST CLAIM FOR RELIEF**
21   **Failure to Pay Overtime**
22   **(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**
23   **On Behalf of Plaintiff and the FLSA Collective Class**

25   78.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

26   79.    At all relevant times, Defendants have been, and continue to be, an "employer"

27   engaged in interstate commerce and/or in the production of goods for commerce, within the

**PLAINTIFF'S ORIGINAL COMPLAINT**
[*Nguyen v. EOS IT Solutions, Inc.*]

1    meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed and

2    continue to employ, employees, including Plaintiff and the FLSA Class Members.  At all

3    relevant times, upon information and belief, Defendants have had gross operating revenues in

4    excess of $500,000.

5        80.    The FLSA requires each covered employer such as Defendants to compensate all

6    non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for

7    work performed in excess of forty (40) hours in a workweek.

8        81.    Plaintiff and the FLSA Class Members were entitled to be paid overtime

9    compensation for all overtime hours worked at the rate of one and one-half times their regular

10   rate of pay.

11       82.    At all relevant times, Defendants required and/or permitted Plaintiff and the

12   FLSA Class Members to work in excess of forty (40) hours per workweek.  Despite the hours

13   worked by them, Defendants willfully, in bad faith, and knowingly violated the FLSA, failed and

14   refused to pay Plaintiff and the FLSA Class Members the appropriate overtime wages for all

15   compensable time worked in excess of forty (40) hours per workweek.  By failing to compensate

16   Plaintiff and the FLSA Class Members at a rate of not less than one-and-a-half times the regular

17   rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have

18   violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

19       83.    By failing to accurately record, report, and/or preserve records of hours worked

20   by Plaintiff and the FLSA Class Members, Defendants have failed to make, keep, and preserve

21   records with respect to each of its employees sufficient to determine their wages, hours, and

22   other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*,

23   including 29 U.S.C. § 211(c).

**PLAINTIFF'S ORIGINAL COMPLAINT**
*[Nguyen v. EOS IT Solutions, Inc.]*

84.     Plaintiff, on behalf of himself and the FLSA Class Members, seeks recovery of their damages, unpaid wages and unpaid overtime pay.

85.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff, on behalf of himself and the FLSA Class Members, seeks recovery of him attorneys' fees and costs to be paid by Defendant, as provided for by 29 U.S.C. § 216(b).

87.     Plaintiff, on behalf of himself and the FLSA Class Members, seeks recovery of liquidated damages.

88.     As a result of Defendants' willful and unlawful failure to pay Plaintiff all of his earned overtime wages, Plaintiff is entitled to recover his unpaid overtime wages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.  Plaintiff, on behalf of himself and the FLSA Class Members, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**Failure to Pay Overtime**
**(Wage Order No. 4-2001; California Labor Code §§ 510, 558, 1194)**
**On Behalf of Plaintiff and the California Class**

89.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

90.     At all relevant times, Defendants were required to compensate their non-exempt employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the present, Defendants were required to compensate all of their employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked more than eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked more than twelve (12)

1   hours per day.  Defendants were also required to pay one-and-a-half times the regular rate for the

2   first eight (8) hours worked on the seventh day of a workweek.

3         91.    At all relevant times, Defendants operated under and continue to operate under a

4   common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Field

5   Engineers for overtime at the rates required by California Labor Code § 510 and Wage Order

6   No. 4-2001.

7         92.    Defendants knew or clearly should have known that Plaintiff and the California

8   Class Members solely or predominantly performed non-exempt duties, were not subject to any

9   enumerated exemptions to California's overtime mandates – including exemptions for *bona fide*

10  administrative, professional, or executive employees – and were thus entitled to overtime pay.

11        93.    Defendants routinely required Plaintiff and the California Class Members to work

12  more than eight (8) hours per day or forty (40) hours per workweek and work on the seventh day

13  of a workweek.  Despite the provisions of California's overtime law, Defendants have willfully

14  failed and refused to pay the California Class, including Plaintiff, overtime wages for any of the

15  overtime hours they worked since four years prior to this lawsuit being filed.

16        94.    The California Class Members, including Plaintiff, have been deprived of their

17  rightfully earned overtime wages as a direct and proximate result of Defendants' failure and

18  refusal to pay such compensation.

19        95.    Defendants regularly, willfully, and repeatedly failed and continues to fail to

20  make, keep, and preserve accurate time records required by the California Labor Code §§ 226

21  and 1174, with respect to Field Engineers.  Through this unlawful course of conduct, Defendants

22  have deprived and continues to deprive Plaintiff and the California Class Members of records

23  necessary to calculate with precision the overtime compensation due to them.

**PLAINTIFF'S ORIGINAL COMPLAINT**

[*Nguyen v. EOS IT Solutions, Inc.*]

96.    Defendants' conduct violates California Labor Code §§ 510 and 1194.  Therefore, pursuant to California Labor Code § 1194, the California Class, including Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

### THIRD CLAIM FOR RELIEF
**Failure to Provide Off-Duty Meal and Rest Periods**
**(Wage Order No. 4-2001; California Labor Code §§ 218.5, 226.7, 512)**
**On Behalf of Plaintiff and the California Class**

97.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

98.    Throughout the relevant statute of limitations, Defendants operated under and continue to operate under a common policy and plan of failing and refusing to afford Plaintiff and the California Class Members at least one half-hour meal period in which they were relieved of all duties after five hours of work and a second meal period after ten hours of work, as defined by IWC Wage Order No. 4-2001 and Labor Code §§ 226.7 and 512.

99.    Plaintiff and the California Class Members were regularly expected to work during lunch and other breaks.

100.    Defendants violated the meal and rest period laws by forcing Plaintiff and the members of the California Class to work through long hours without the required meal periods.

101.    Plaintiff and the members of the California Class sue for all damages allowed under the law including statutory penalties for each such violation.  *See* IWC Wage Order 4-2001 and Cal. Lab. Code § 226.7.

102.    Defendants are liable for forcing Plaintiff and California Class Members to work during the meal period mandated after 5 hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendants failed to provide the first required meal period to each California Class Member.

103.    Defendants are further liable for forcing Plaintiff and California Class Members to work during the second meal period mandated after ten hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendants failed to provide the second required meal period to each California Class Member.

104.    Plaintiff and Class Members were regularly compelled to work over a four (4) hour period (or major fraction thereof) without Defendants authorizing and permitting them to take paid ten (10) minute rest periods during which they were relieved of all duties, as required by IWC Wage Order 4-2001 § 12(A) and Labor Code § 226.7.

105.    Defendants are further liable for forcing Plaintiff and California Class Members to work during the first required rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendants failed to provide the first required rest period to each California Class Member.

106.    Defendants are further liable for forcing Plaintiff and California Class Members to work during the second rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendants failed to provide the second required rest period to each California Class Member.

107.    Defendants are further liable for forcing Plaintiff and California Class Members to work during the third rest period for one additional hour of pay at the employee's regular rate

1    of compensation for each work day that Defendants failed to provide the third required rest

2    period to each California Class Member.

3        108.    Defendants is liable for unpaid wages and statutory penalties pursuant to IWC

4    Wage Order 4-2001 and Labor Code § 226.7.

5        109.    Plaintiff and the California Class Members are entitled to damages in the amount

6    of their unpaid premium wages, reasonable attorneys' fees and costs, injunctive relief, and other

7    such legal and equitable relief as the Court deems just and proper.

8                            **FOURTH CLAIM FOR RELIEF**
9                          **Failure to Furnish Wage Statements**
10                          **(California Labor Code §§ 226)**
11                    **On Behalf of Plaintiff and the California Class**
12
13       110.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

14       111.    Defendants knowingly and intentionally failed to furnish and continue to fail to

15    furnish Plaintiff and each California Class Member with timely, itemized statements that

16    accurately reflect – among other things – the total number of hours worked and wages earned, as

17    mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at

18    the time of each payment of wages, to furnish each employee with a statement that accurately

19    reflects the total number of hours worked.

20       112.    As a result, Defendants are liable to Plaintiff and each of the California Class

21    Members for the amounts provided by California Labor Code § 226(e): the greater of actual

22    damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each

23    subsequent violation, up to four thousand dollars ($4000).

24       113.    Plaintiff and the California Class are also entitled to reasonable attorneys' fees

25    and costs pursuant to California Labor Code § 226(e).

26                            **FIFTH CLAIM FOR RELIEF**

**PLAINTIFF'S ORIGINAL COMPLAINT**
[*Nguyen v. EOS IT Solutions, Inc.*]

**Failure to Pay All Wages Upon Separation from Employment**
**(California Labor Code §§ 201, 202, 203)**
**On Behalf of Plaintiff and the California Class**

114.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

115.    California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

116.    Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

117.    During all relevant times, Defendants knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and members of the California Class who are no longer employed by Defendants all wages owed as alleged herein.   Defendants are therefore liable to Plaintiff and members of the California Class who are no longer employed by Defendants for waiting time penalties as required by California Labor Code §§ 203 and 218.

118.    Plaintiff, individually and on behalf of the members of the California Class who are no longer employed by Defendants, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

**SIXTH CLAIM FOR RELIEF**
**Unlawful and/or Unfair Competition Law Violations**
**(California Business & Professions Code §§ 17200-17208.)**
**On Behalf of Plaintiff and the California Class**

119.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

120.    California Business & Professions Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

**PLAINTIFF'S ORIGINAL COMPLAINT**
[*Nguyen v. EOS IT Solutions, Inc.*]

121.    Plaintiff brings this cause of action individually and as a representative of all others subject to Defendant's unlawful acts and practices.

122.    During all relevant times, Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Defendants' unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize mandated meal and rest periods, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

123.    As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the California Class.  Defendants must disgorge these ill-gotten gains and restore to Plaintiff and the California Class all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

124.    Plaintiff, individually and on behalf of the members of the California Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all the FLSA Class Members and the California Class Members, pray for relief as follows:

1.  That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are at present or have been at any time during the past three years, up through and including the date of this Court's issuance of a Court-supervised Notice, been employed by Defendants as Field Engineers as defined and described herein.  Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join the FLSA collective suit if

**PLAINTIFF'S ORIGINAL COMPLAINT**

*[Nguyen v. EOS IT Solutions, Inc.]*

they believe they were misclassified as an exempt employee;

2.  Certifying that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

3.  Declaring that Defendants' policies and/or practices of failing to pay overtime wages, to provide and authorize meal and rest periods, and to pay all wages earned upon termination of employment to the California Class violate California law;

4.  Declaring that Defendants' above-mentioned policies and/or practices violate California Business and Professions Code § 17200 *et seq.*;

5.  Preliminary, permanent, mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

6.  Declaring that Defendants' policies and/or practices of failing to pay overtime wages to the FLSA Class Members violates the FLSA;

7.  Awarding damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendants for the causes of action alleged herein;

8.  Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant to 29 U.S.C. § 216, California Labor Code § 1194, California Code of Civil Procedure § 1021.5, or as otherwise permitted by law; and

9.  Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated respectfully demands a trial by jury.

Dated: June 22, 2017

By: /s Lorrie T. Peeters

Lorrie T. Peeters

CAFFARELLI & ASSOCIATES LTD.
Lorrie T. Peeters (CA Bar No. 276367)
10265 Beardon Dr.
Cupertino, CA 95014
Phone: (408) 216-0599
Fax:    (312) 577-0720

24

1    Email:  lpeeters@caffarelli.com

2

3    *Local Counsel*

4    *Attorney for Plaintiff and the Putative Class*

**PLAINTIFF'S ORIGINAL COMPLAINT**

[*Nguyen v. EOS IT Solutions, Inc.*]